# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SENSA PRODUCTS, LLC, a limited liability company,<br>SENSA, INC., formerly known as INTELLIGENT BEAUTY, INC., a corporation,<br>ADAM GOLDENBERG,<br>and<br>DR. ALAN R. HIRSCH,<br><br>Defendants. | **Case Number:** 14cv72<br><br>**Judge:** James B. Zagel<br><br>**Magistrate Judge:** Michael T. Mason |

## STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a Complaint for Permanent Injunction and Other Equitable Relief against defendants Sensa Products, LLC, Sensa, Inc., formerly known as Intelligent Beauty, Inc., Adam Goldenberg, and Dr. Alan R. Hirsch (together, "Defendants"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging unfair or deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

The Commission and Defendants have stipulated to the entry of this Order in settlement of the Commission's allegations against Defendants. The Court, having been presented with this Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Order"), finds as follows:

## FINDINGS

1.      This Court has jurisdiction over the subject matter of this case and, pursuant to the

Stipulation in Paragraph 4 below, jurisdiction over all parties.   Venue in the United States

District Court for the Northern District of Illinois is proper.

2.      The Complaint states a claim upon which relief can be granted, and the

Commission has the authority to seek the relief it has requested.

3.      The activities of Defendants, for purposes of this Order, are in or affecting

commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The Commission and Defendants stipulate and agree to entry of this Order under

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), without trial or final adjudication of any issue

of fact or law.   Defendants neither admit nor deny any of the allegations in the Complaint,

except as specifically stated in this Order.   Only for purposes of this action, Defendants admit

the facts necessary to establish jurisdiction.

5.      Defendants waive all rights to seek judicial review or otherwise challenge or

contest the validity of this Order.   Defendants also waive any claim that they may have held

under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this

action to the date of this Order.

6.      This action and the relief awarded herein are in addition to, and not in lieu of,

other remedies as may be provided by law.

7.      Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are

binding upon Defendants, and their officers, agents, servants, representatives, employees, and all

other persons or entities in active concert or participation with them, who receive actual notice of

this Order by personal service or otherwise.

8.     This Order reflects the negotiated agreement of the parties. The Commission and the Defendants have agreed that entry of this Order settles and resolves all matters of dispute between them arising from the conduct alleged in the Commission's Complaint as of the date of entry of this Order.

9.     The paragraphs of this Order shall be read as the necessary requirements of compliance and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated.

10.    Each party shall bear its own costs and attorneys' fees.

11.    Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For the purpose of this Order:

1.     "Corporate Defendants" means Sensa Products, LLC, Sensa, Inc., formerly known as Intelligent Beauty, Inc., and their successors and assigns.

2.     "Individual Defendants" means Adam Goldenberg and Dr. Alan R. Hirsch.

3.     "Defendants" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

4.     "Adequate and well-controlled human clinical study" means a human clinical study that is randomized, adequately controlled, and conducted by persons qualified by training and experience to conduct such a study. For a Covered Product, such study shall be placebo controlled and double blind. For a Covered Weight-Loss Program, such study shall be placebo

- 3 -

controlled and double blind as to any component that is a Covered Product and has been purported, designed, or intended to cause or assist in causing weight loss. *Provided, however,* that any study of a conventional food need not be placebo controlled or double blind if placebo control or blinding cannot be effectively implemented given the nature of the intervention. For the purposes of this proviso, "conventional food" does not include Sensa or any dietary supplement. Defendants shall have the burden of proving that placebo control or blinding cannot be effectively implemented.

5.     "Advertising" and "promotion" mean any written or verbal statement, illustration, or depiction designed to effect a sale or create interest in the purchasing of products or services, whether it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a telephone system, program-length commercial ("infomercial"), the Internet, email, press release, video news release, or in any other medium.

6.     "Clearly and conspicuously" means:

a.     In textual communications (*e.g.*, printed publications or words displayed on the screen of an electronic device), the disclosure shall be of a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend the disclosure, in print that contrasts with the background on which it appears;

b.     In communications disseminated orally or through audible means (*e.g.*, radio or streaming audio), the disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend the disclosure;

- 4 -

c.   In communications disseminated through video means (*e.g.*, television or streaming video), the disclosure shall be in writing in a form consistent with Subsection a of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend the disclosure;

d.   In communications made through the Internet and other web-based applications or services:

i.   The disclosure shall be unavoidable and presented in a form consistent with Subsection a of this definition in addition to any audio or video presentation of it; and

ii.   The disclosure shall be on the same webpage, online service page, or other electronic page, in close proximity to the triggering representation, and viewable without requiring the consumer to scroll up, down, or sideways, or otherwise adjust their browser or device window in any way.   Representations and disclosures that are accessed or displayed through hyperlinks, pop-ups, interstitials, or similar means are not in "close proximity";

e.   In communications that contain both audio and visual portions, the disclosure shall be presented simultaneously in both the audio and visual portions of the communication.   *Provided, however*, that in communications disseminated through video means that contain two or more uninterrupted endorsements, the audio portion of any disclosure about the material connections to the persons giving the endorsements need only be delivered at the beginning of each such group of endorsements.   *Provided, further*, that in any communication disseminated solely through visual or solely through audio means, the disclosure may be made through the same means in which the communication is presented; and

f.      In all instances, the disclosure shall be in understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication with the consumer.

7.      "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

8.      "Covered Product" means any dietary supplement, food, or drug, including, but not limited to, Sensa. Covered Product does not include a device or behavioral intervention.

9.      "Covered Weight-Loss Program" means any weight-loss program that includes: (a) Sensa or (b) any other Covered Product sold or distributed by any Defendant and purported, designed, or intended to cause or assist in causing weight loss. Covered Weight-Loss Program, as defined above, may include, among other things, a device or behavioral intervention.

10.     "Double blind" means that neither the participants nor the researchers know, during the course of the study, which participants belong to the control group or to the treatment group.

11.     "Endorsement" means as defined in 16 C.F.R. § 255.0(b).

12.     "Essentially Equivalent Product" means a product that contains the identical ingredients, except for inactive ingredients (*e.g.*, binders, colors, fillers, excipients), in the same form and dosage, and with the same route of administration (*e.g.*, orally, sublingually), as the Covered Product; *provided that* the Covered Product may contain additional ingredients if reliable scientific evidence generally accepted by experts in the field demonstrates that the amount and combination of additional ingredients is unlikely to impede or inhibit the effectiveness of the ingredients in the Essentially Equivalent Product.

13.     "Essentially Equivalent Weight-Loss Program" means a program that includes all

components of the Covered Weight-Loss Program that are purported, designed, or intended to cause or assist in causing weight loss; provided that the Covered Weight-Loss Program may contain additional components if reliable scientific evidence generally accepted by experts in the field demonstrates that such additional components are unlikely to impede or inhibit the effectiveness of the Essentially Equivalent Program.

14. "Food" and "drug" mean as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

15. "Material connection" means any relationship that materially affects the weight or credibility of any endorsement and that would not reasonably be expected by consumers.

16. "Person" means a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

17. "Placebo controlled" means that the control group of the study receives a placebo. "Placebo" means a substance that is inactive, inert, and/or otherwise medically ineffectual in its ability to affect the endpoint(s) of the study.

18. "Sensa" means the Sensa flavored tastants or any other substantially similar product purported, designed, or intended to promote sensory-specific satiety.

19. The term "including" in this Order means "including without limitation."

20. The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

# I.

## PROHIBITED REPRESENTATIONS: WEIGHT-LOSS CLAIMS

**IT IS ORDERED** that Defendants, directly or through any corporation, partnership,

subsidiary, division, trade name, or other device, and their officers, agents, servants,

representatives, employees, and all persons or entities in active concert or participation with them

who receive actual notice of this Order, by personal service or otherwise, in connection with the

manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any

Covered Product or Covered Weight-Loss Program, in or affecting commerce, are hereby

permanently restrained and enjoined from making, or assisting others in making, directly or by

implication, including through the use of a product or program name, endorsement, depiction, or

illustration, any representation that such product or program:

A.     Causes or helps cause weight loss or any specific amount of weight loss;

B.     Causes or helps cause rapid weight loss; or

C.     Causes or helps cause substantial weight loss;

unless the representation is non-misleading and, at the time of making such representation,

Defendants possess and rely upon competent and reliable scientific evidence that substantiates

that the representation is true.   For purposes of this Section, competent and reliable scientific

evidence shall consist of at least two adequate and well-controlled human clinical studies of the

Covered Product or of an Essentially Equivalent Product, or of the Covered Weight-Loss

Program or of an Essentially Equivalent Weight-Loss Program, conducted by different

researchers, independently of each other, that conform to acceptable designs and protocols and

whose results, when considered in light of the entire body of relevant and reliable scientific

evidence, are sufficient to substantiate that the representation is true. Defendants shall have the burden of proving that a product satisfies the definition of Essentially Equivalent Product or Essentially Equivalent Weight-Loss Program, as applicable.

## II.

**PROHIBITED REPRESENTATIONS: OTHER HEALTH-RELATED CLAIMS**

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product or Covered Weight-Loss Program, in or affecting commerce, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or by implication, including through the use of a product or program name, endorsement, depiction, or illustration, any representation, other than representations covered under Section I of this Order, about the health benefits, performance, or efficacy of such product or program, unless the representation is non-misleading, and, at the time of making such representation, Defendants possess and rely upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. For purposes of this Section, competent and reliable scientific evidence means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and

reliable results.

## III.

## PROHIBITED REPRESENTATIONS REGARDING TESTS OR STUDIES

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation,

partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants,

representatives, employees, and all persons or entities in active concert or participation with them

who receive actual notice of this Order, by personal service or otherwise, in connection with the

manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any

Covered Product or Covered Weight-Loss Program, in or affecting commerce, are hereby

permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting,

in any manner, expressly or by implication, including through the use of any product or program

name or endorsement:

A.      The existence, contents, validity, results, conclusions, or interpretations of any

test, study, or research; or

B.      That the benefits of such product or program are scientifically proven.

## IV.

## FDA APPROVED CLAIMS

**IT IS FURTHER ORDERED** that nothing in this Order shall prohibit Defendants from:

A.      Making any representation for any drug that is permitted in labeling for such drug

under any tentative or final standard promulgated by the Food and Drug Administration, or under

any new drug application approved by the Food and Drug Administration; and

B.      Making any representation for any product that is specifically permitted in

labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

## V.

## REQUIRED DISCLOSURES OF MATERIAL CONNECTIONS

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product or Covered Weight-Loss Program, in or affecting commerce, shall disclose, clearly and conspicuously, in close proximity to the triggering representation:

A.      For any endorsement of such product or program, all material connections between the person providing the endorsement and the Defendants or any other person manufacturing, labeling, advertising, promoting, offering for sale, selling, or distributing such product or program; and

B.      For any representation that any test or study supports any claims about the health benefits, performance, or efficacy of such product or program, all material connections with any person that has conducted, authored, or participated in the test or study.

## VI.

## EXPERT ENDORSEMENTS

**IT IS FURTHER ORDERED** that Defendant Hirsch, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and his agents,

servants, employees, and all persons or entities in active concert or participation with him who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product or Covered Weight-Loss Program, in or affecting commerce, are hereby permanently restrained and enjoined from making, directly or by implication, any representations as an expert endorser, including, but not limited to, the representations covered by Sections I – III, above, unless he possesses and relies upon:

A.    Competent and reliable scientific evidence required for the particular representation, as set forth above; and

B.    An actual exercise of the represented expertise, in the form of an evaluation or test of such product or program conducted and evaluated in an objective manner and which is generally accepted in the relevant profession to yield accurate and reliable results.

## VII.

## MEANS AND INSTRUMENTALITIES

**IT IS FURTHER ORDERED** that Defendant Hirsch, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and his agents, servants, employees, and all persons or entities in active concert or participation with him who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product or Covered Weight-Loss Program marketed for any health benefit, including, but not limited to, weight loss, in or affecting commerce, are hereby permanently restrained and enjoined from providing to another person with whom Defendant Hirsch has a material financial

connection the means and instrumentalities with which to make, directly or by implication, any false or misleading statement of material fact, including, but not limited to, the representations covered by Sections I – III, above. For purposes of this Section, "means and instrumentalities" includes, but is not limited to:

A.    Any tests, analyses, research, or studies to determine the benefits, performance, efficacy, or safety of such product or program; or

B.    Any advertising, labeling, promotional materials, or endorsements.

## VIII.

## MONETARY JUDGMENT AND CONSUMER REDRESS

**IT IS FURTHER ORDERED** that:

A.    Judgment is hereby entered in favor of the Commission and against the Corporate Defendants, jointly and severally, in the amount of Forty-Six Million Five Hundred Thousand dollars ($46,500,000) as equitable monetary relief.

B.    The Corporate Defendants are ordered to pay to the Commission Twenty-Six Million Five Hundred Thousand Dollars ($26,500,000). Such payment must be made within ten days of the date of entry of this Order and in accordance with instructions provided by a representative of the Commission; *provided that* in no instance will payment be due before October 10, 2013. Upon such payment to the Commission, the remainder of the judgment is suspended, subject to the Subsections below.

C.    The Commission's agreement to the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Corporate Defendants' financial statements and related documents (collectively, "financial representations") submitted to the Commission,

- 13 -

namely:   the financial statements of Sensa Products, LLC and Intelligent Beauty, Inc., now

known as Sensa, Inc., and supporting documentation submitted by Corporate Defendants'

counsel on January 25, 2013; the additional financial information and supporting documentation

submitted by Corporate Defendants' counsel on February 15, 2013, February 22, 2013, and

March 28, 2013; and the presentation slides dated March 7, 2013 and April 18, 2013 submitted

by Corporate Defendants' counsel.

D.     The suspension of the judgment will be lifted as to the Corporate Defendants if,

upon motion by the Commission, the Court finds that the Corporate Defendants failed to disclose

any material asset, materially misstated the value of any asset, or made any other material

misstatement or omission in the financial representations identified above.

E.     In the event of default on any obligation to make payment under this Order or if

the suspension of the judgment is lifted, the judgment becomes immediately due as to the

Corporate Defendants in the amount specified in Subsection A above, less any payment

previously made pursuant to this Section, plus interest computed pursuant to 28 U.S.C. § 1961(a)

from the date of entry of this Order.

F.     All funds paid to the Commission pursuant to this Order shall be deposited into an

account administered by the Commission or its agents to be used for equitable relief, including,

but not limited to, consumer redress, and any attendant expenses for the administration of such

equitable relief.   In the event that direct redress to consumers is wholly or partially impracticable

or funds remain after the redress to consumers is completed, the Commission may apply any

remaining funds for such other equitable relief (including consumer information remedies) as it

determines to be reasonably related to Defendants' practices alleged in the Complaint.   Any

funds not used for such equitable relief shall be deposited in the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section. Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

G.      Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

H.      Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

I.      In accordance with 31 U.S.C. § 7701, Corporate Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identifying numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

J.     Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## IX.

## REQUIREMENT TO PROVIDE CUSTOMER LIST

**IT IS FURTHER ORDERED** that the Corporate Defendants shall, no later than sixty days after the date of entry of this Order, compile and deliver to the Commission customer information regarding all individual customers who purchased Sensa or Sensa for Men on or after June 1, 2008 through the date of entry of this Order, to the extent that such purchasers are known to the Corporate Defendants through a diligent search of their records.   Such information shall include each person's name and address, the products purchased, the approximate total amount of moneys paid less any amount credited for returns or refunds, and, if available, the person's telephone number and email address.   The information shall be submitted to the Commission electronically at DEBrief@ftc.gov in a format to be approved in advance by a representative of the Commission and encrypted with encryption software such as SecureZip with the encryption key provided electronically to DEBrief@ftc.gov in a separate communication.   If a representative of the Commission requests in writing any information related to redress, a Corporate Defendant must provide it, in the form prescribed by the Commission, no later than fourteen days after the date of such Corporate Defendant's receipt of the request.

# X.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within seven days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For ten years after entry of this Order, each Individual Defendant for any business that engages in conduct related to the subject matter of this Order as to which such Defendant, individually or collectively with any other Defendants, is the majority owner or directly or indirectly controls, and each Corporate Defendant must deliver a copy of this Order to:   (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within seven days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty days, a signed and dated acknowledgment of receipt of this Order.

# XI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.     Ninety days after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1.     Each Defendant must:   (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and email, Internet, physical, and postal addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.     Additionally, each Individual Defendant must:   (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For ten years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen days of any change in the following:

1.     Each Defendant must report any change in:   (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:   the creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, each Individual Defendant must report any change in:   (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services, whether as an employee or otherwise, and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:   "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:   Associate Director for Enforcement,

Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, D.C. 20580. The subject line must begin: *FTC v. Sensa Products, LLC, et al.*

## XII.

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that Defendants must create certain records for ten years after entry of the Order, and retain each such record for five years. Specifically, each Individual Defendant for any business that engages in conduct related to the subject matter of this Order as to which such Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, and each Corporate Defendant must maintain the following records:

A.    Accounting records showing the revenues from all products or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.    Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    A copy of each different advertisement or other marketing material disseminated since the date of entry of this Order.

# XIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A.    Within fourteen days of receipt of a written request from a representative of the Commission, each Defendant must:   submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.   The Commission also is authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate through undersigned counsel or other counsel designated by a Defendant or, if a Defendant is unrepresented by counsel with regard to this Order, directly with that Defendant.   Each Defendant must permit representatives of the Commission to interview any employee or other person affiliated with such Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

# XIV.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO ORDERED:**

Dated: 1\8\14

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

KAREN MANDEL
MICHAEL OSTHEIMER
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
Tel.: 202-326-2491, -2699
Fax: 202-326-3259
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

SENSA PRODUCTS, LLC
2301 Rosecrans Avenue
El Segundo, CA 90245

By: _____
Kristin Chadwick, President

SENSA, INC., formerly known as
INTELLIGENT BEAUTY, INC.
2301 Rosecrans Avenue
El Segundo, CA 90245

By: _____
Kristin Chadwick, President

- 22 -

*(signature)*

ADAM GOLDENBERG, individually and as a
director of SENSA PRODUCTS, LLC and a
director and officer of SENSA, INC., formerly
known as INTELLIGENT BEAUTY, INC.
2301 Rosecrans Avenue
El Segundo, CA 90245

Dana Rosenfeld, Counsel for SENSA
PRODUCTS, LLC and SENSA, INC., formerly
known as INTELLIGENT BEAUTY, INC.
Kelley Drye & Warren LLP
3050 K Street, NW
Washington, D.C. 20007
Tel.: 202-342-8588
Fax: 202-342-8451

Richard Parker
Katrina Robson, Counsel for SENSA
PRODUCTS, LLC and SENSA, INC., formerly
known as INTELLIGENT BEAUTY, INC.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006
Tel.: 202-383-5380
Fax: 202-383-5414

J. Robert Robertson, Counsel for ADAM
GOLDENBERG
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel.: 202-637-5600
Fax: 202-637-5910

ADAM GOLDENBERG, individually and as a
director of SENSA PRODUCTS, LLC and a
director and officer of SENSA, INC., formerly
known as INTELLIGENT BEAUTY, INC.
2301 Rosecrans Avenue
El Segundo, CA 90245

Dana Rosenfeld, Counsel for SENSA
PRODUCTS, LLC and SENSA, INC., formerly
known as INTELLIGENT BEAUTY, INC.
Kelley Drye & Warren LLP
3050 K Street, NW
Washington, D.C. 20007
Tel.: 202-342-8588
Fax: 202-342-8451

Richard Parker
Katrina Robson, Counsel for SENSA
PRODUCTS, LLC and SENSA, INC., formerly
known as INTELLIGENT BEAUTY, INC.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006
Tel.: 202-383-5380
Fax: 202-383-5414

J. Robert Robertson, Counsel for ADAM
GOLDENBERG
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel.: 202-637-5600
Fax: 202-637-5910

- 23 -

_（signature）_

DR. ALAN R. HIRSCH
845 North Michigan Avenue
Chicago, IL 60611

_（signature）_

JOEL C. WINSTON, Counsel for DR. ALAN
R. HIRSCH
Hudson Cook, LLP
1020 19th Street NW
Washington, D.C. 20036
Tel.: 202-327-9716
Fax: 202-223-6935